OPINION
{¶ 1} On September 20, 2002, the Licking County Grand Jury indicted appellant on one count of felony driving under the influence, one count of driving under suspension, and one count of possession of drug paraphernalia. Appellant was arrested on September 10, 2002. The trial court appointed Kristin Burkett to represent appellant. Appellant entered pleas of not guilty to the charges contained in the indictment at his arraignment on September 23, 2002. The trial court conducted a pretrial on October 17, 2002. At the pretrial, the trial court scheduled the matter for plea and sentencing on December 10, 2002. On December 10, 2002, appellant advised the trial court he wished to withdraw his former pleas of not guilty and enter pleas of no contest to the charges. The trial court accepted the pleas and found appellant guilty as charged. The trial court sentenced appellant to a total term of imprisonment of 24 months. Appellant was held in the Licking County Justice Center on unrelated charges from the date of his arrest through the date of the plea and sentencing hearing.
 {¶ 2} This Court granted appellant's request to file a delayed appeal. On May 16, 2003, appellant's counsel, Diane M. Menashe, filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. In said brief, appellant's counsel set forth one possible error which could be raised, but serially addressed the potential assignment of error to demonstrate there was no legal basis for same. Counsel then certified she had reviewed the entire file, including the transcript of testimony, and found no basis for an appeal. Contemporaneous with the filing of the Anders brief, counsel for appellant filed a motion to withdraw. Anders established five criteria which must be met before a motion to withdraw by appellate counsel may be granted:
 {¶ 3} "The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw by appellant's counsel was filed; (3) the existence of a brief by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the court should address." Id. at 744.
 {¶ 4} Upon a finding these criteria have been met, Anders
explains:
 {¶ 5} " * * * the court — not counsel — proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.
 {¶ 6} We have reviewed the record and find Attorney Menashe complied with the procedures set forth in Anders. Furthermore, we have independently examined the entire record in this matter, including but not limited to the transcript of the change of plea and sentencing hearing, and agree with the conclusion of appellant's counsel there are no arguably meritorious issues or errors which occurred during the proceedings of this matter to be raised or decided on appeal. As such, this Court hereby grants Attorney Menashe's motion to withdraw.
 {¶ 7} The conviction and sentence entered by the Licking County Court of Common Pleas is hereby affirmed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur.